HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDMUND J. WOOD,

    Plaintiff,

v.

RESTAURANT GROUP INC.,

    Defendant.

Case No. 2:18-cv-01593-RAJ

**ORDER ON MOTION TO WITHDRAW THE REFERENCE**

## I. INTRODUCTION

This matter comes before the Court on Defendant Restaurant Group, Inc. (RGI) Motion to Withdraw the Reference. Dkt. # 1-1. Plaintiff has not filed a response in this case but indicated in proceedings before the Bankruptcy Court that he did not object to the Motion. *Id.* at 11. For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** RGI's Motion and **REFERS** this case to the Bankruptcy Court for all pretrial proceedings in accordance with this Order.

## II. BACKGROUND

Plaintiff Edmund J. Wood, the Chapter 7 Trustee for the estate of Parlor Bellevue LLC (the "Parlor Bellevue" or "Debtor"), brought an adversary proceeding against RGI seeking to avoid and recover certain alleged fraudulent transfers. Dkt. # 1-1 at 5. RGI

ORDER – 1

answered the complaint on July 26, 2018. *Id.* RGI simultaneously filed a jury demand and a Notice Regarding Final Adjudication and Consent indicating its non-consent to the Bankruptcy Court entering final orders and judgment in the Proceeding. *Id.* RGI then filed this motion, which is now before the Court. Dkt. # 1.

### III. DISCUSSION

Pursuant to Local Civil Rule 87(a), "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to a case under Title 11" are automatically referred to the bankruptcy court. W.D. Wash. Local Civ. R. 87(a). A district court has the authority to withdraw the reference in whole or in part, *sua sponte* or on motion of any party, for cause shown. 28 U.S.C. § 157(d).

RGI first argues that its demand for a jury trial "necessitates" that the reference be withdrawn. *Id*. at 8. The Court does not necessarily agree, as the demand for a jury trial does not necessitate automatic withdrawal of the reference. *Sigma Micro Corp. v. Healthcentral.com*, 504 F.3d 775, 787–788 (9th Cir. 2007); *see also Flores v. Gray Servs. LLC*, No. CV-14-01075-PHX-DGC, 2014 WL 4179888, at *2 (D. Ariz. Aug. 18, 2014) ("The fact that a jury trial has been demanded is not alone sufficient to require withdrawal of the reference."). Accordingly, to the extent RGI's motion requests mandatory withdrawal, the Motion is **DENIED**.

The Court turns to whether there is otherwise cause for withdrawal of the reference. A bankruptcy court's statutory authority to enter judgment in a particular proceeding depends on whether that proceeding is a "core proceeding" under § 157. § 157(b)(1). Thus, in assessing whether cause is shown, a district court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). There is no exact definition of a core proceeding, although, 28 U.S.C. § 157(b)(2)(B) provides a non-exhaustive list. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990). Bankruptcy courts "may enter appropriate orders and judgments" in core proceedings. 28

ORDER – 2

U.S.C. § 157(b)(1). A non-core proceeding is an "action that do[es] not depend on bankruptcy laws for [its] existence and that could proceed in another court." *Security Farms v. Int'l Bhd. Of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). Bankruptcy courts must submit proposed findings of fact and conclusions of law to the district court for de novo review in non-core proceedings. 28 U.S.C. § 157(c)(1). The Ninth Circuit's decision in *In Re Bellingham Ins. Agency, Inc.* recognized that fraudulent conveyance claims are defined as "core" under § 157(b), but nonetheless "cannot be adjudicated by non-Article III judges." 702 F.3d 553, 561 (9th Cir. 2012); *see also Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 35 (2014) (so-called *Stern* claims are permitted "to proceed as non-core within the meaning of § 157(c)").

Accordingly, for the fraudulent conveyance claims in this case, the Court may treat these traditionally core claims as non-core because RGI did not consent to adjudication before the Bankruptcy Court. *In re Nw. Territorial Mint, LLC*, C16-01895-JCC, 2017 WL 568821, at *3 (W.D. Wash. Feb. 13, 2017) (finding that fraudulent conveyance claims are non-core if both parties do not consent to adjudication by bankruptcy court). Once a district court determines whether the claims are core or non-core, the Ninth Circuit instructs district courts to consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008 (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101). Where non-core issues predominate, withdrawal may promote efficiency because a single proceeding in the district court could avoid unnecessary costs implicated by the district court's de novo review of non-core bankruptcy determinations. *Sec. Farms*, 124 F.3d at 1008–09. District courts have discretion to determine whether the moving party has shown sufficient cause to justify granting a motion to withdraw the reference. *In re Cinematronics, Inc.*, 916 F.2d at 1451; *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 215 (C.D. Cal. 2014).

The Court finds that partial withdrawal is warranted in this case. References to

ORDER – 3

Bankruptcy Courts "promote[ ] judicial economy and efficiency by making use of the [Courts'] unique knowledge of Title 11 and familiarity with the actions before them." *In re Healthcentral.com*, 504 F.3d at 787-88 (citing *City Fire Equip. Co., Inc. v. Ansul Fire Prot. Wormald U.S., Inc.*, 125 B.R. 645, 649 (N.D. Ala. 1989) (en banc)). Permitting pretrial matters to be held in the bankruptcy court is thus an efficient use of judicial resources, given its familiarity with this case and expertise. Withdrawal for purposes of conducting a jury trial may also promote efficiency because a single proceeding in the district court could avoid unnecessary costs implicated by the district court's de novo review of bankruptcy determinations. *Sec. Farms*, 124 F.3d at 1008–1009.

As such, an efficient allocation of judicial resources would allow the bankruptcy court to maintain jurisdiction over pretrial matters. "Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out." *In re Healthcentral.com*, 504 F.3d at 778 (citing *Disbursing Agent of Murray F. Hardesty Estate v. Severson (In re Hardesty )*, 190 B.R. 653, 657 (D. Kan. 1995)). Delaying the effective date of withdrawal (by referring all pretrial matters to the bankruptcy court) will not give rise to any undue costs or delays, even if the Court is ultimately called upon to make a final judgment, "given the efficiencies of having the bankruptcy court deal with the issues in the first instance." *In re Heller Ehrman LLP*, 464 B.R. 348, 360 (N.D. Cal. 2011). The fourth factor, prevention of forum shopping, is not addressed in the briefing and does not appear to be a pressing issue in this case. In any event, this factor does not appear to be relevant as only this Court has "the power to enter final judgment" on this proceeding. *Everett v. Art Brand Studios, LLC*, 556 B.R. 437, 445-46 (N.D. Cal. 2016) (citing *In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011) ).

## IV. CONCLUSION

For the reasons stated above, the Court the Court **GRANTS IN PART AND DENIES IN PART** RGI's Motion. Dkt. # 1-1. The Court will **WITHDRAW** the reference

ORDER – 4

for purposes of holding a jury trial before this Court, if necessary, but will **REFER** all pretrial matters to the Bankruptcy Court.

DATED this 28th day of May, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5